UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDNA BEAMON,

    Plaintiff,                         Civil Action No. 07-12113

v.                                    HON. MARIANNE O. BATTANI
                                      U.S. District Judge
                                      HON. R. STEVEN WHALEN
COMMISSIONER OF SOCIAL         U.S. Magistrate Judge
SECURITY,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Edna Beamon brings this action under 42 U.S.C. §405(g), challenging a final decision of Defendant Commissioner denying her application for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act. Both parties have filed summary judgment motions which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, I recommend that Defendant's Motion for Summary Judgment be GRANTED, and that Plaintiff's Motion for Summary Judgment be DENIED.

## PROCEDURAL HISTORY

On May 28, 2004, Plaintiff filed an application for DIB and SSI, alleging disability as of January 17, 2003 (Tr. 16, 17). After the initial denial of her claim, Plaintiff filed a timely request for an administrative hearing, conducted on April 7, 2006 in Flint, Michigan

-1-

before Administrative Law Judge ("ALJ") Regina Sobrino (Tr. 161). Plaintiff, represented by attorney Mikel Lupisella, testified, as did Vocational Expert ("VE") Ann Tremblay (Tr. 163-173, 173-181). ALJ Sobrino found that although Plaintiff was unable to perform any of her past jobs, she retained the capacity for a significant range of sedentary work (Tr. 19, 20). On April 19, 2007, the Appeals Council denied review (Tr. 4-6). Plaintiff filed for judicial review of the final decision on May 16, 2007.

## BACKGROUND FACTS

Plaintiff, born July 12, 1957, was 48 when the ALJ issued her decision (Tr. 17, 45). She completed high school and one year of college (Tr. 54) She worked previously as a teacher, teacher's aide, and direct care giver (Tr. 49). She alleges disability as a result of right shoulder and elbow pain as well as diabetes (Tr. 48).

### A. Plaintiff's Testimony

Plaintiff, 48, testified that she currently lived in a house with her husband and children, 12 and 17 (Tr. 163). A high school graduate, Plaintiff reported that she attended one year of college (Tr. 163-164). She alleged disability as a result of a January 17, 2003 injury to her right arm, elbow, and shoulder (Tr. 164). She denied difficulty walking, sitting, bending, crouching, or climbing stairs, stating however that she experienced reaching limitations and was unable to lift even 10 pounds (Tr. 164-165).

Plaintiff testified that she was unable to cook or perform household chores, testifying that these tasks were performed by her husband and children (Tr. 165-167). She reported difficulty bathing and dressing (Tr. 166-167). Plaintiff acknowledged that she still shopped

for groceries, sang in her church's choir, drove occasionally, and attended her children's school functions (Tr. 166-168, 171).

Plaintiff reported that she currently took Glucophage and insulin for diabetes as well as Darvocet, and Tylenol for her shoulder condition, stating that her medication made her "a little nervous and sleepy" (Tr. 168, 170). She stated that her insulin dosage was frequently updated due to fluctuating blood sugar levels (Tr. 169). She reported that she had been admitted to the hospital for overnight observation in 2005 after an elevated blood sugar level caused her to faint[1] (Tr. 171). Plaintiff alleged that fatigue and shoulder pain obliged her to recline twice a day for up to an hour and a half at a time (Tr. 172).

**B.     Medical Evidence**

In April 2004, orthopedist Frederick C. Schreiber, D.O., noted that Plaintiff reported right shoulder, arm, and hand pain (Tr. 108). Dr. Schreiber diagnosed her with "probable tendinitis of the right shoulder and right elbow," but found the absence of "physical findings of any particular condition. . ." (Tr. 109). The July 2004 treatment notes by Michael Young, D.O., indicate that Plaintiff experienced hand and leg swelling (Tr. 132). An October 2004 EMG of Plaintiff's lower right extremity showed mildly abnormal results consistent with "mild" diabetic peripheral neuropathy (Tr. 142). The same month, Plaintiff sought emergency treatment for nausea, vomiting, and chills (Tr. 110). Lab results showed a glucose level of

---

[1] Plaintiff's medical records do not include documentation of a 2005 hospital stay. However, in October 2004 Plaintiff sought emergency treatment for a digestive condition for which she was treated and released (Tr. 110). Treatment notes indicate that Plaintiff's glucose level was 147 (Tr. 111).

147 (Tr. 111). Plaintiff was diagnosed with acute gastroenteritis (Tr. 121).

In June 2005, Plaintiff complained of shoulder and hand pain as well as swollen legs (Tr. 129). The same month, EMG studies of Plaintiff's upper right extremity were "abnormal," consistent with "moderate" CTS (Tr. 136). Dr. Young noted in November 2005 that Plaintiff continued to experience hand and leg swelling (Tr. 155). In February 2006, Dr. Young completed a Medical Source Statement indicating that Plaintiff was limited to lifting less than ten pounds on either a frequent or occasional basis (Tr. 156). He deemed Plaintiff's ability to push and pull with the upper right extremities severely limited, but found the absence of standing, walking, sitting, or lower extremity limitations (Tr. 156). Dr. Young concluded the assessment by opining that Plaintiff's limitations would "likely disrupt a regular job schedule with low physical demands" from 80 to 120 hours each month, but adding that it would be "difficult to judge[,] depending on lifting, pushing, carrying, and pulling responsibilities" (Tr. 156).

### C. Vocational Expert Testimony

VE Ann Tremblay classified Plaintiff's former work as teacher's aide as exertionally light and unskilled; work as a daycare teacher as light and semi-skilled; and work as a direct care giver as medium to heavy and unskilled[2] (Tr. 87, 174). Because Plaintiff testified that

---

[2] 20 C.F.R. § 404.1567(a-d) defines *sedentary* work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; *light* work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds;" *medium* work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds;" and that exertionally *heavy* work "involves lifting no more than 100 pounds at a time with

the teaching position was part time only, the ALJ found that it could not be considered past relevant work (Tr. 174-175). ALJ Sobrino posed the following question to the VE:

> "I want you to assume someone who has done [the jobs of teacher aide and direct care giver]. And I want you to assume a person who has a twelfth grade education, was born in 1957. I want you to assume a person who is limited to lifting, carrying, pushing, and pulling five pounds frequently with the left hand and that's the non-dominant hand, can lift up to ten pounds occasionally with both hands, if they can use both hands, there should be no pushing or pulling with the right arm. Assume that the person should not climb ladders, ropes, or scaffolds, should not have to do overhead reaching, should not do forceful gripping, grasping, pinching, twisting, or squeezing, should not drive as a work duty . . . . [with] no more than occasional flexing and extending of the right arm. And that should not be continuous. Meaning occasional would be up to a third of the weekday, but not the . . . third should not be all at the same time. It should be distributed over the eight hours. The person should not be exposed to hazards, or to vibration. Could a person with those limitations do the work that Ms. Beamon has done?"

(Tr. 175 *continuing at* 177). The VE replied that the above limitations would rule out Plaintiff's former work, finding however that she could perform the unskilled, sedentary work of an inspector (2,000 jobs in the regional economy), order clerk (2,500), and security monitor (2,100) (Tr. 177-178). The VE testified that her job findings were consistent with the Dictionary of Occupational Titles ("DOT").

### D. The ALJ's Decision

Citing Plaintiff's medical records, ALJ Sobrino found that Plaintiff experienced the severe impairments of carpal tunnel syndrome ("CTS"), diabetic neuropathy, and epicondylitis (Tr. 17-18, 19). Nonetheless, she determined that none of the impairments met

---

frequent lifting or carrying of objects weighing up to 50 pounds.

or equaled any impairment listed in 20 CRF Part 404, Subpart P, Appendix 1 (Tr. 18, 19 ).

She found that while Plaintiff was unable to perform any past relevant work, she retained the residual functional capacity ("RFC"):

> "to lift, carry, push and pull 5 pounds with her left (non-dominant hand). She should not push or pull with her right hand, but can lift, carry, push and pull 5 pounds frequently and 10 pounds occasionally using both hands. The claimant cannot perform work that exposes her to hazards or vibration. She should not drive as a work duty. She cannot engage in forceful gripping, grasping, twisting, pinching or squeezing. The claimant cannot perform work that requires reaching overhead. She can frequently, but not constantly, handle, finger and feel with her left hand. She can occasionally handle, finger and feel with her right hand. She should not perform work that involves more than occasional flexion/extension of the right elbow, and flexion/extension of that elbow should not be continuous."

(Tr. 18, 19). Adopting the VE's job findings, *supra*, the ALJ found that Plaintiff could perform "a significant number of sedentary jobs in the regional and national economy" (Tr. 18, 20).

The ALJ found that Plaintiff's "allegations of the intensity, persistence, and functionally limiting effects [were] not fully consistent with the objective medical and other evidence of record" (Tr. 19). She supported her credibility determination by citing Plaintiff's acknowledgment that she could stand, walk and sit without limitation (Tr. 18). The ALJ also observed that despite her claim of complete disability, Plaintiff continued to drive, shop, and sing in a choir (Tr. 18).

## **STANDARD OF REVIEW**

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence. 42 U.S.C. §405(g); *Sherrill v. Secretary of*

*Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985). Substantial evidence is more than a scintilla but less that a preponderance. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,* 800 F.2d 535, 545 (6th Cir. 1986)(en banc). In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*, 884 F.2d 241, 245 (6th Cir. 1989).

## FRAMEWORK FOR DISABILITY DETERMINATIONS

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe

impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy. 20 C.F.R. §416.920(a). The Plaintiff has the burden of proof as steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984).

## ANALYSIS

### Hypothetical Limitations

Plaintiff argues that the ALJ erroneously disregarded Dr. Young's February 9, 2006 opinion that her limitations effectively precluded all work. *Plaintiff's Motion,* at 6-11. Citing *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779 (6th Cir. 1987), Plaintiff contends that the hypothetical question's omission of Dr. Young's finding that her impairments would disrupt her work up to 120 hours each month taints the ultimate non-disability finding. She also submits that the ALJ did not provide adequate reasons for rejecting Dr. Young's findings. *Id.*

*Varley v. Secretary of Health & Human Services*, 820 F.2d 777, 779 (6th Cir. 1987), sets forth the Sixth Circuit's requirements for a hypothetical question. "Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only if the question accurately portrays [the] plaintiff's individual physical and mental impairments." (internal citations omitted). *Id*. at 9. *See also Webb v.*

*Commissioner of Social Sec*. 368 F.3d 629, 632 (6th Cir. 2004). The hypothetical question must be supported by record evidence. However, "the ALJ is not obliged to incorporate unsubstantiated complaints into his hypotheticals." *Stanley v. Secretary of Health and Human Services,* 39 F.3d 115,118-119 (6th Cir.1994)(*citing Hardaway v. Secretary of Health & Human Servs.,* 823 F.2d 922, 927-28 (6th Cir.1987)).

In the present case, substantial evidence easily supports the ALJ's choice of hypothetical limitations. Although Plaintiff faults the ALJ for disregarding Dr. Young's findings, in fact, the hypothetical question draws in large part on the treating physician's February 2006 preclusion of lifting more than 10 pounds (Tr. 156). Accordingly, the ALJ limited Plaintiff to "lifting, carrying, pushing, and pulling" five pounds with her unaffected hand and up to ten pounds (on an occasional basis only) with the combined use of both hands. *Compare* Tr. 156, 175.

For the same reasons, I disagree with the related argument that the ALJ was obligated to supply "good reasons" for rejecting Dr. Young's finding of disability level impairments. *Wilson v. Commissioner of Social Sec.* 378 F.3d 541, 544 (6th Cir. 2004); *see also* SSR 96-8p. As noted above, because the ALJ incorporated Dr. Young's assessment of Plaintiff's limitations into the hypothetical question, obviously, she was not required address her reasons for "rejecting" it. Further, Dr. Young's assessment cannot be deemed a "disability" opinion. In fact, the treating physician qualified his own statement that Plaintiff's right upper extremity limitations would interfere with her job 80 to 120 hours a month by also noting that it was "difficult to judge," without knowing the exertional limitations of Plaintiff's work

(Tr. 156). In compliance with *Wilson*, and the above-cited regulation, the hypothetical question properly included Dr. Young's assessment of Plaintiff's lifting, carrying, pushing, and pulling limitations. Accordingly, the VE's finding that Plaintiff could perform the sedentary work of an inspector, order clerk, and a security monitor should not be reversed (Tr. 177-178).

Aside from the above-discussed issues, the administrative decision as a whole is amply supported by record evidence. Plaintiff admitted that she did not experience difficulty walking, sitting, bending, crouching, or climbing stairs (Tr. 164). Although she testified that she experienced fatigue and pain as a result of her arm and shoulder condition, none of her medical records support her allegation that she was obliged to recline for an hour and a half twice a day (Tr. 108, 172). Plaintiff's testimony that she continued to participate regularly in family, church, and school activities despite experiencing a mild degree of diabetic neuropathy and shoulder pain also stands at odds with her allegations of disability (Tr. 166-168, 171).

This Court notes in closing that its conclusion recommending the grant of summary judgment to the Commissioner is not intended to trivialize Plaintiff's legitimate impairments as a result of right upper extremity pain and diabetic neuropathy. However, the overriding question in this appeal is whether the Commissioner's decision was supported by substantial evidence. Based on a review of this record as a whole, the ALJ's decision is well within the "zone of choice" accorded to the fact-finder at the administrative level. Pursuant to *Mullen v. Bowen*, *supra*, the ALJ's decision should not be disturbed by this Court.

## CONCLUSION

For the reasons stated above, I recommend that Defendant's Motion for Summary Judgment be GRANTED, and that Plaintiff's Motion for Summary Judgment be DENIED.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen
R. STEVEN WHALEN

UNITED STATES MAGISTRATE JUDGE

Dated: April 21, 2008

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on April 21, 2008.

S/Gina Wilson
Judicial Assistant